IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OREN M KEITH,

    Plaintiff,

v.                                    CASE NO. 4:16-cv-408-MW-GRJ

STATE OF FLORIDA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper by separate order.  The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915.  For the following reasons, the undersigned recommends that this case be dismissed for lack of subject matter jurisdiction.

Plaintiff is a prisoner in the custody of the Florida Department of Corrections.  In the Complaint, Plaintiff challenges state laws and regulations pertaining the termination of parental rights.  Specifically, Plaintiff alleges that state law requires parents whose rights have been terminated to challenge the termination on grounds of "ineffective assistance of counsel" within 20 days of termination.  Plaintiff alleges that this short time period violates the constitutional rights of incarcerated

persons.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C § 1915(e). The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

Even liberally construed, the allegations of the Complaint are

insufficient to establish a basis for the exercise of federal subject matter jurisdiction.  The termination of parental rights is a matter governed exclusively by state law, and does not provide a basis for the exercise of federal subject matter jurisdiction.

To the extent that Plaintiff is attempting to assert a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights.  *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986).  If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal.  *Id.* at 737-38.

There are no allegations suggesting that Plaintiff's could assert any claim arising under § 1983 against a "state actor" regarding his challenge to the operation of Florida laws.

Accordingly, it is respectfully **RECOMMENDED** that this case should

be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

**IN CHAMBERS** this 8th day of March 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**